FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -5 PM 4: 21

Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TOMMY S. HANSON,<br><br>Defendant. | Case No. K05-0003 CR (JWS)<br><br>DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO CHANGE PLACE OF JURY TRIAL |

Defendant, Tommy S. Hanson, by and through counsel Michael Dieni, Assistant Federal Defender, objects to changing the location of the jury trial from Ketchikan to Anchorage. In doing so, he relies upon the procedure established for the District of Alaska and The Fifth And Sixth Amendments of the United States Constitution.

1. *Factual Background*

   a. *Tommy Hanson*

Mr. Hanson is 42 years of age. He has lived on Prince of Wales Island, a relatively short ferry ride from Ketchikan, for thirty-two years. He lived in the trailer court where police seized all of the physical evidence in this case for 12 years. He has worked

in Southeast Alaska all of his adult life. For the past eleven years, he has worked as a private subcontractor to the Alaska Community Development Corporation providing weatherization (energy conservation) installation for low income housing.

### b.  Facts of case

Nearly all of the events relevant to Mr. Hanson happened in a mobile home trailer in Craig, Alaska. The facts of the case are adequately set forth in the motion to suppress, and will not be repeated here. Suffice to say here that seizure of all of the physical evidence and the events surrounding the arrest of Mr. Hanson occurred in Craig. The potential civilian witnesses relevant to the case include Nyna Fleury and Alice Nelson, the first civilians who found pornography on Mr. Hanson's computer and reported it to police. Both reside in the Ketchikan area. Police witnesses include Officer Villers and Sgt. Habib, both of whom reside on Prince of Wales Island. Mr. Hanson, of course, may be a witness himself.

The only known Anchorage witness is the government's case agent, Kevin Laws.

Southeast Alaska, as a region, consists of an Archipelago of Islands, long characterized by timber and commercial and subsistence fishing activities. Craig is a small town on Prince of Wales Island in the extreme Southeast corner of Alaska. Ketchikan is a small town on Revillagigedo Island. Prince of Wales Island is a short distance across the Clarence Straight from Revillagigedo Island. The water connecting the two islands is a part of the so called "inside passage," a body of protected sea water that connects the many islands of Southeast Alaska. Ketchikan is connected to Craig by small plane. The Alaska Marine Ferry system allows for inexpensive transport ($25) from Prince of Wales Island to

Case 5:05-cr-00003-JWS    Document 79    Filed 12/05/2005    Page 3 of 6

Ketchikan. Ketchikan is the nearest town off the Prince of Wales Island to Craig. Ketchikan is nearest town with an airport connecting Southeast Alaska to the remainder of the world. Both communities share the unique rain-drenched subsistence hunting and fishing and historical logging-based culture of Southeast Alaska.

    2.    *Legal Framework*

As a litigant in this case, Mr. Hanson is entitled to a jury "selected at random from a fair cross section of the community in the district or division wherein court convenes." 28 U.S.C. § 1861. The rules in place designed to obtain a "fair cross-section of the community" for jurors in trials in the District of Alaska establish Ketchikan as the proper situs for the trial.

28 U.S.C. § 81A established a single judicial district within the State of Alaska, and identifies five locations where "[c]ourt shall be held" within the state: Anchorage, Fairbanks, Nome, Ketchikan, and Juneau. 21 U.S.C. § 141 authorizes this court to hold special sessions in other locations on an as-needed basis. Central to the determination of the place of trial in any case is a commitment to fairness and to justice.

In order to accomplish the objectives of 28 U.S.C. § 1861-1862, and the requirements of 28 U.S.C. §1869(e), the District Court in Alaska promulgated "The Plan for Random Selection of Grand and Petit Jurors" (hereinafter the "Plan"). This Plan, dated June 2002, as modified on August 22, 2003, and on June 22, 2005, makes Ketchikan the proper site for trial of this case. (Exhibit A)

In particular, the Plan sets forth that Ketchikan is the proper venue for all localities within the State Election District 01. (See Appendix A, of Exhibit A) Prince of Wales Island is part of State Election District 1. (Exhibit B)

28 U.S.C. § 1862 forbids the exclusion of citizens from jury service on account of race, color, religion, sex, national origin, or economic status. The jury plan adopted by this court is designed to minimize any potential for even inadvertent discrimination. Consequently, it is appropriate for this court to exercise its discretion and continue to set forth Ketchikan as the place of trial in this matter. Such an order will ensure that the jury pool includes persons from Prince of Wales Island and communities like Prince of Wales Island.

  3.  *Argument*

The Sixth Amendment guarantees Mr. Hanson a fair and impartial jury comprised of his "peers." While the Constitution does not specify that Mr. Hanson must be provided a trial in his home town, or home division, the government's argument is based on its own convenience, rather than any compelling fact-based analysis.

As such, Federal Criminal Rule 18 does not support the government's argument. The rule requires the court to consider the convenience of the *defendant and witnesses*, not the government as a litigant. There is nothing in Rule 18 that authorizes intra-district transfer of a case because the established divisional trial setting would be inconvenient to the government. In fact, only one of the ten witnesses the government might call resides in Anchorage. The remainder live near Ketchikan or outside Alaska. Alaska Airlines currently serves Ketchikan directly from Seattle, the connecting point for most travel to and from Alaska, seven days a week.

Arguments such as the inconvenience of moving trial materials to Ketchikan can have no bearing upon the decision. It is not found in Rule 18.

The government cites the difficulty of presenting the evidence in a courtroom unequipped with the Digital Evidence Presentation System (DEPS). Plainly, this tool, though valuable, is not necessary. Day in and day out, in courts across the state of Alaska, sensitive photographs are presented to juries without difficulty and without the benefit of DEPS. (E.g., state court, which is not equipped with DEPS, wide range of photos such as autopsy pictures in murder trials).

The government fails to explain why single hard copies of still images could not be presented the old-fashioned way: simply admitted, one at a time, and circulated among the jury, and made available for later review by the jury during deliberation. Likewise, video clips could be played on a television placed near the jury. None of this material has to be presented in open court in a manner that would necessarily involve publishing material to people seated in the back of the courtroom.

The remainder of the government's sundry arguments are either false or misplaced, and all fail to find voice in Rule 18.

The claim that the defendant cannot be secured in Ketchikan is false. He was secured for the suppression hearing, and he can be secured for what should be a short two to three day trial. It is true that it would be cheaper to secure him in Anchorage. Of course, if expense is the sole guiding principle, then Southeast Alaska should be eliminated as a venue for all proceedings. As of August 2005, it remains a jury pool for cases emanating out of Craig.

Likewise, assertions such as people being unable to find lodging in Ketchikan, or that the weather would prevent people from getting to Ketchikan, are speculatively put in the government's pleadings, and cannot form the basis for a ruling.

*4.    Conclusion*

Rule 18 does not support changing the place of the trial. If trial is moved from Ketchikan to Anchorage, Mr. Hanson will be denied a jury selected from an area that has been his home for the past 33 years. The jury will come from a completely different division of Alaska. The character of the vast majority of the jurors will change from rural to city backgrounds.

Under these circumstances, Mr. Hanson requests that the trial remain in Ketchikan.

DATED this 5th day of December, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

Michael Dieni
Assistant Federal Defender

Certification:

I certify that on December 5, 2005, I hand delivered a copy of this document to:

James Goeke, Esq.
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9 Rm 253
Anchorage, AK  99513-7567

Lenora L. Roehling

6