Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>vs.<br><br>TOMMY HANSON,<br><br>                        Defendant. | Case No. K05-0003 CR (JWS)<br><br>TOMMY HANSON'S REQUEST<br>FOR *VOIR DIRE* |

Tommy Hanson, though his counsel, requests the court allow inquiry of prospective jurors regarding the following topics and questions concerning their eligibility to serve at his trial. This request is submitted pursuant to Fed. R. Crim. P. 24(a).

Mr. Hanson requests that the court allow attorney-conducted individualized *voir dire* as to the issue of the jurors' ability to remain fair and impartial, even after having viewed a large quantity of pornography found on computer media. This matter is discussed further below.

The purpose behind the proposed *voir dire* is to determine whether, either through life experience or through attitudes and beliefs, any of the potential jurors harbors

a bias or prejudice or an emotional incapacity that would compromise Mr. Hanson's constitutional right to a fair and impartial jury. Sixth Amendment, United States Constitution.

The trial of this matter will focus upon possession and receiving pornography as a result of the internet. The government contends that Mr. Hanson knowingly downloaded and possessed child pornography. Count 3 alleges that he received it on the internet. In support of these allegations, the government seized a large volume of pornography, both legal and apparently illegal, on hard drives and home made CDs and DVDs found in Mr. Hanson's trailer. There is no allegation that there was a commercial aspect of this case. There is no allegation that Mr. Hanson created or traded or sold the contraband pornography.

In addition, there could be a First Amendment issue in which jurors will have to be prepared to distinguish pornography from First Amendment protected material. The arresting officer, FBI Agent Kepner, will testify that Mr. Hanson acknowledged downloading nude pictures of females, including both adults and minors. In this statement, Mr. Hanson took the position that the material was lawful, as art or nudism. A very reasonable juror might have strong feelings that all pictures of naked minors possessed by someone other than a parent are or should illegal, and be unwilling or emotionally unable to follow the law which declares otherwise.

Finally, some of the images from Count 2 will be distressing to view. Some of the pictures simply show nude minors. Some, however, depict child abuse. If possible, Mr. Hanson would be prepared to stipulate to their illegality, to avoid publication to the jury. It is likely, however, that the government will seek to publish these images.

In order to intelligently exercise peremptory challenges, therefore, it is essential for Mr. Hanson to learn whether any particular juror has been the victim or has had any acute life experience pertaining to the sexual abuse of minors. Also, it is possible that the emotions of such a topic will cause a juror to reverse the burden of proof. That is, the feeling that this type of societal problem is of such significance, and the need to protect the public from so-called child predators is so great, that the jury will presume guilt and force Mr. Hanson to prove innocence, which will be impossible.

Mr. Hanson's proposed questions are set forth below.

A.   *General Introductory Questions*

1.   The indictment in this case is only an accusation; it is merely the manner by which an accusation is brought to court and is not evidence and can have no weight in your minds as evidence. Is there any juror who does not understand or who is unable to accept this principle?

2.   Do you understand that there has been no prior determination of guilt or innocence in this case and that this trial is the first opportunity Mr. Hanson will have had to have the facts heard and weighed?

3.   Does anyone think that it is fair to assume that because a person has been charged with a criminal offense that they are most likely guilty of that offense?

B.   *Burden of Proof Questions*

4.   You have probably heard the phrase "proof beyond a reasonable doubt" in connection with criminal cases. Do you think that it is fair or unfair to require the government to prove its cases beyond a reasonable doubt? Why?

5. The law requires various levels of proof depending on the importance of the issue to be decided. For instance, the plaintiff in a civil case must convince you by a preponderance of the evidence, i.e., more likely than not, that his or her claims are true. In a criminal case, because personal freedom is at stake, the law sets a much higher burden of proof. In a criminal case, the plaintiff must convince you beyond and to the exclusion of all reasonable doubt that each and every element of the crime charged is true before you can return a verdict of guilty. Do you understand the distinction? Do you agree or disagree with the distinction?

6. Do you understand that a reasonable doubt can arise not only from the evidence produced, but also from a lack of evidence?

C. *Presumption of Innocence Questions*

7. The law presumes that Mr. Hanson is innocent of the charges the government has levied against him. The presumption of innocence alone is enough to acquit. Is there any among you that will not or cannot follow that instruction?

8. Are you open to the possibility that an innocent person can be accused of a crime?

9. Are you aware of circumstances where an innocent person has been accused of a crime?

10. Do you believe that police and prosecutors, acting in good faith, can mistakenly accuse someone of something they did not do?

D. *Testimony of the Accused*

11. Do you understand that the accused in a criminal case does not have to produce any evidence in a criminal case?

12. Under our legal system, the accused does not have to testify at his or her trial. At the end of the case, I will instruct you that if Mr. Hanson does not testify, you are not to consider that fact in evaluating the evidence. Is there anyone who would find this instruction troublesome or difficult to follow?

13. If Mr. Hanson did not testify at this trial, is there anyone who would assume that he was guilty?

14. If Mr. Hanson did testify at this trial, is there anyone who would assume that he must be lying because he has been accused of a crime?

E.    Law Enforcement Witness Bias

15. Would you tend to believe a government agent or police officer more readily than other witnesses who may testify?

16. Do you believe that a government agent is less biased or more accurate than other witnesses who may testify?

17. Do you understand that the testimony of a government agent is not entitled to any greater weight than the testimony of any other witness merely because he or she is an agent of the government?

18. Are you open to the possibility that government witnesses acting in good faith might be mistaken?

F.    Child Pornography and First Amendment Concerns

Ask jurors to divulge any:

19. Strong feelings about X-rated pornography in general.

20. Feelings that all pornography should be outlawed.

21. Strong feelings about pictures of nude people, children included.

G.  *Child Sexual Abuse*

Ask jurors to divulge any:

22.  Life experience with anyone the victim of child sexual abuse, or anyone who is close to someone who has been the victim of child abuse.

23.  Any strong feelings from their life experience that might cause them to associate possession of pornography with child sexual abuse.

H.  *Computers*

24.  Any experience working with computers?

25.  Any experience working with the Internet, or any job or vocational activity involving internet analysis>

I.  *Generalized Background Questions for Each Individual Juror*

32.  Have you or any members of your immediate family ever been a party to a lawsuit? If so, what was the nature of the lawsuit? Were you a plaintiff or defendant? What was the outcome?

33.  Would anything connected with the lawsuit affect your ability to be a fair and impartial juror in this case?

34.  Have you, or any members of your family, ever been a witness in any legal proceeding? If so, when? What was the nature of the proceeding? For whom did you testify?

35.  Have you ever served on a trial Jury? If so, where, when, and what was the nature of the case or cases?

36.  Did you participate in deliberation in any of those cases? If so, how long did deliberation last?

37. What was the outcome of those cases in which you served as a juror?

38. Has anyone ever applied for a job with a federal or state agency? If so, which ones?

39. Is there anyone who intends to apply for employment with a federal or state agency? If so, which ones?

40. Is there anyone who has ever taken courses in law enforcement or criminal justice? If so, where and which courses?

41. Does anyone have aspirations of being a law enforcement officer or a federal agent in any law enforcement capacity? If so, please explain.

42. Are you employed? If so, what is the nature of your occupation, and how long have you been so employed? What other occupations have you pursued?

43. Have you, or any members of your family, ever worked for the federal or state or municipal government? If so, when and how long were you so employed?

44. Have you, or any members of your family, ever had any business contacts with the federal, state, or municipal governments? If so, please describe them.

45. Is your spouse employed? Please state the nature of your spouse's work, and the length of time your spouse has been so employed. What other occupations has she or he pursued?

46. Do you have any children? If so, how many? What are their ages and occupations? If they are in school, please indicate what year they are in school and which school they are attending.

47. How long have you lived in Alaska? Where were you born and raised? What are your hobbies and leisure time activities?

48. Are you a member of any clubs or organizations? If so, which ones, and how long have you been a member?

49. Do you belong to any church group or religion? If so, which one, and how long have you been a member?

50. Have you ever owned a business or been in business for yourself? If so, when, where, what kind of business was it, and how long did you run the business? Was your business incorporated as a corporation?

51. What is your educational background?

52. What is the educational background of your spouse?

53. Have you ever served in the military? If so, what branch of the service and what were your duties?

54. Has your spouse ever been in the military service? If so, what branch and what were his or her duties?

55. How long were you (your spouse) in the service?

56. Did you (your spouse) ever serve on any military courts-martial as a member of the court?

57. Have you or anyone close to you worked for or closely with a law enforcement agency? Law enforcement agency for these questions includes military police, prison security, prosecutors, private security, etc.

58. Have you or anyone close to you performed volunteer services with or for a law enforcement agency?

Dated at Anchorage, Alaska this 5th day of December, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

MICHAEL DIENI
Assistant Federal Defender

Certification:

I certify that on December 5, 2005, I hand
delivered a copy of this request for voir dire to:

James Goeke, Esq.
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

Lenora L. Roehling