**FILED**

DEC 0 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By_____ Deputy



# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | K05-003 CR (JWS) |
| | ) | |
| vs. | ) | **ORDER FROM CHAMBERS** |
| | ) | |
| TOMMY S. HANSON, | ) | [Re:   Docket 71] |
| | ) | |
| Defendants. | ) | |

## I.  MOTION PRESENTED

At docket 71, plaintiff United States moves to change the place of trial from Ketchikan to Anchorage.  Defendant Tommy S. Hanson opposes the motion.  Oral argument has not been requested and would not assist the court.

## II.  DISCUSSION

The Constitution of the United States requires that criminal trials shall be conducted in the State where the crime was committed.[1]  The Sixth Amendment to the Constitution provides that one accused of a crime is entitled to a trial by a jury from "the State and district wherein the crime shall have been committed."[2]  Venue lies in the district in which the crime was committed.[3]  The State of Alaska is a single judicial

---

[1] Art. III § 2, cl. 3 of the Constitution of the United States.

[2] Amendment VI to the Constitution of the United States.

[3] Rule 18, FED. R. CRIM. P.

*86*

district[4] within which the court is authorized to sit in several cities including Ketchikan and Anchorage.[5]

This case was filed in Ketchikan. The First Superseding Indictment charges Hanson in Count 1 with possession of child pornography in violation of 18 U.S.C. §§ 2252A(5)(B) and (b)(2), in Count 2 with possession of child pornography in violation of 18 U.S.C. §§ 2252A(4)(B) and (b)(2), and in Count 3 with receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2)(A) and (b)(1). The crimes were allegedly committed in Craig, Alaska. Trial is set to commence on December 12, 2005.

Craig is a small town on Prince of Wales Island in Southeast Alaska. Ketchikan is a small city located on Revillagigedo Island, also in Southeast Alaska. There is no road connecting Craig with Ketchikan, so one must travel by water or by air between the two communities. The State of Alaska operates a ferry system which provides service between Craig and Ketchikan. Anchorage is located in Southcentral Alaska. There is no road connecting either Craig or Ketchikan to Anchorage. There is regularly scheduled commercial airline service between Ketchikan and Anchorage. Although defendant was residing in Craig at the time of his arrest, he is presently in custody in Anchorage, Alaska.

The United States' motion is based on several considerations. The evidence it intends to display at trial–the images of child pornography–are presently located in Anchorage. The equipment necessary to most effectively display the images to the court and jury is available in Anchorage, but not available in the small court facility in Ketchikan. The defendant is in Anchorage. Counsel for defendant as well as the United States is in Anchorage. With the exception of two Craig police officers, all of the United States' witnesses either reside in Anchorage, plan to be in Anchorage the week of December 12, 2005, or reside outside the State of Alaska. The United States Marshal has no personnel on duty in Ketchikan, so if trial is held there deputies must

[4]28 U.S.C. 81A provides: "Alaska constitutes one judicial district."

[5]*Id.*

-2-

travel from Anchorage. There is no holding cell to accommodate an incarcerated defendant in Ketchikan.

Defendant opposes the motion on the grounds that it would deprive people in the areas around Ketchikan from a chance to serve on a trial jury while at the same time depriving him of jurors from Southeast Alaska. He also contends that trial in Anchorage would not actually be more convenient to the witnesses, and that it is not appropriate to consider the convenience of participants in the proceeding other than the witnesses. He contends that the images could be displayed in Ketchikan–sensitive photos are shown to juries in small state courtrooms across Alaska.

Defendant correctly points to the fact that this court's jury plan contemplates that citizens from Southeast Alaska will be summoned to serve on trial juries either in Ketchikan or Juneau, depending on where in Southeast they reside, while jurors summoned to serve in Anchorage are drawn from Southcentral Alaska. However, the suggestion that moving one trial from Ketchikan to Anchorage deprives residents of Southeast of the right to serve on a jury is incorrect. It would only mean that none would serve on the particular jury in this case. The defendant does not claim a constitutional right to jurors from the immediate vicinity of the crime. There is nothing about the nature of the crime–use of computers in connection with child pornography which suggests that it would be more appropriate to conduct trial in one city rather than the other. Defendant has not shown any reason why there is anything so unusual about his own circumstances that Southeast jurors, and only Southeast jurors, can fairly preside at his trial.

With respect to the other arguments to be considered, it appears to the court–and defendants' briefing certainly implies–that the principal touchstone for deciding the issues is Rule 18. That rule provides as follows:

> Unless a statute or these rules permit otherwise, the government must prosecute the offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

Whatever would have been convenient for defendant when he was living in Craig, he is now incarcerated in Anchorage. His lawyer also lives in Anchorage. The court concludes that it would actually be more convenient to the defendant if trial were conducted in Anchorage. This conclusion is bolstered by the practical considerations mentioned by the government. There would be far less opportunity for contact between defendant and his lawyer if defendant must be transported in custody from Anchorage to Ketchikan and tried in a courthouse which lacks a holding cell. With respect to the witnesses to be called by the United States, the court concurs with the United States' assessment that a trial in Anchorage would be much more convenient for the witness overall. Defendant stops short of saying that he will call any witnesses at trial. While he mentions two individuals by name who reside in Craig, he refers them to them as "potential" witnesses. The fact that what he says about them is that they found pornography on defendant's computer, coupled with the fact that defendant called neither of them (nor anyone else save himself) to testify at the suppression hearing is telling.

The court agrees with defendant that some means of displaying the evidence could be arranged in Ketchikan. The court also agrees that the fact that the digital evidence presentation system ("DEPS") available in Anchorage is not available in Ketchikan is not a reason for moving the trial. However, given that there are other sufficient reasons for moving the trial, it may be noted that the availability of DEPS in Anchorage is an advantage.

Having considered the parties' arguments and examined the facts in light of Rule 18, the court concludes that the motion to change the place of trial to Anchorage should be granted. Granting the motion best serves the convenience of the defendant and the witnesses and will facilitate the prompt administration of justice.

## III.  CONCLUSION

For the reasons above, the motion at docket 71 is **GRANTED**.  The final pre-trial conference and trial will be held in Anchorage, Alaska.

DATED at Anchorage, Alaska this 6th day of December 2005.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

K05-0003--CR (JWS)    12-6-05
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
M. DIENI (FPD)
J. GOEKE (US-ATTY)
US MARSHAL

US PROBATION
JURY CLERK
ECR
MAGISTRATE JUDGE CUSS
DIVISIONAL DEPUTY

12/6/05   t/c notice: USA, FPD, USM, Divisional Deputy, ECR, USPO