

**FILED**

DEC 0 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | K05-003 CR (JWS) |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| TOMMY HANSON, ) | [Re: Motions at Docket |
| ) | Nos. 24 and 28] |
| Defendant. ) | |

## I. MOTIONS PRESENTED

At docket 24, defendant Tommy Hanson moves to suppress the searches of his home which occurred on February 12, 2005, February 25, 2005, May 18, 2005, and June 7, 2005. At docket 28, defendant moves to suppress the statement he made to police after his arrest on May 18, 2005. The motions have been fully briefed. At docket 61, the magistrate judge filed an initial report recommending that the motions be denied. At docket 63, defendant timely filed objections to the report and recommendation. At docket 64, the magistrate judge filed a final report, continuing to recommend that the motions be denied. The magistrate judge's final report and recommendation states that the initial report and recommendation remains as originally written, with the exception of the initial paragraph of the report and recommendation which is modified to state why telephonic testimony was permitted at the October 20, 2005, evidentiary hearing on defendant's motions.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

## III.  DISCUSSION

Having reviewed the file and applied the standard of review articulated above, this court concludes that Magistrate Judge Guss correctly found the facts and applied the law in her initial report and recommendation.  The court has also carefully reviewed defendant's objections and finds that defendant's objections do not show any error in the initial report and recommendation.  The majority of defendant's objections to the magistrate judge's findings of fact are not material and do not warrant further discussion here.  This court will specifically discuss four of defendant's objections below.

First, defendant's objection to the February 12, 2005, searches on the grounds that Nyna Fleury did not have authority to search defendant's computer are unavailing because "[a] defendant challenging a search conducted by a private party bears the burden of showing the search was governmental action," and defendant has failed to meet that burden.[5]  There is no evidence in the record to show that "the government knew of and acquiesced in" Ms. Fleury's search of defendant's computer or that

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5] *United States v. Young,* 153 F.3d 1079, 1080 (9th Cir. 1998).

Ms. Fleury "intended to assist law enforcement efforts" by searching defendant's computer.[6]

Second, defendant's objection to the May 18, 2005, search of his computer is ineffectual because the evidence establishes that defendant consented to Officer Villers's search of defendant's computer before Officer Villers viewed the two pictures downloading onto defendant's computer at the time of defendant's arrest. Officer Villers testified that he asked defendant if he could take a look at defendant's computer and that defendant consented before Villers moved the mouse. Defendant testified that Officer Villers requested and received defendant's permission before looking at the minimized pictures on defendant's computer, but that Villers touched the mouse before requesting permission. In either case, defendant consented before Officer Villers examined the pictures downloading onto plaintiff's computer. In other words, the evidence establishes that nothing incriminating was seen prior to the time consent was given.

Third, defendant's objection that the May 18, 2005, search of his computer was unlawful because the officers' entry into defendant's trailer was illegal is also without merit. The evidence shows that, after arresting defendant and then removing his handcuffs in order that defendant could put his dog and camera in his trailer and retrieve some personal items, the officers followed defendant into his trailer for officer safety. The evidence also shows that the officers had previously seen firearms in defendant's trailer. Defendant does not point to any evidence or controlling authority which supports his argument that the officers' entry into defendant's trailer was illegal.

Fourth, defendant objects to the admission of his May 18, 2005, statement on the grounds that in his February 25, 2005, phone call to Officer Habib, defendant indicated that he "did not wish to speak to an officer about the case *until after* he had spoken to an attorney."[7] The magistrate judge correctly found that defendant's

---

[6]*Id.*

[7]Defendant's Objection at 2, doc. 63.

comment that he needed to look at what he was charged with and talk to an attorney did not amount to a prior refusal to talk with police without an attorney present.

Furthermore, this matter is distinguishable from *Edwards v. Arizona*, where the Supreme Court held that "an accused ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation ... until counsel has been made available to him ..."[8] In *Edwards*, the defendant was under arrest and in custody continuously from the time he requested an attorney until the next day when officers interrogated him again.[9] Here, the record shows: defendant was not in custody on February 25, 2005, when defendant voluntarily called the police and then stated his desire to talk to an attorney; defendant had ample opportunity to contact an attorney during the time period between the February 2005 phone call and his arrest on May 18, 2005; and, defendant did not make any incriminating statements until after he signed a waiver of rights form. In light of the above, the court concurs with the magistrate judge's conclusion that defendant's waiver of his right to counsel at the time of his arrest was valid.

## IV. CONCLUSION

For the reasons set out above, this court adopts Magistrate Judge Guss's recommended findings and conclusions. Based thereon, defendant's motions at docket numbers 24 and 28 are **DENIED**.

DATED at Anchorage, Alaska, this 6th day of December 2005.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[8]451 U.S. 477, 484-485 (1981).

[9]*United States v. Skinner*, 667 F.2d 1306, 1309 (9th Cir. 1982) (citation omitted).

12/6/05 t/c notice: USA
FPD

K05-0003--CR (JWS)    12-6-05

✓ M. DIEMI (FPD)
✓ J. GOEKE (US-ATTY)
✓ MAGISTRATE JUDGE GUSS