TIMOTHY M. BURGESS
United States Attorney

JAMES A. GOEKE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071




# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | K05-0003 CR (JWS) |
| ) | |
| Plaintiff, ) | **UNITED STATES'** |
| ) | **OPPOSITION TO** |
| vs. ) | **MOTION TO DISMISS** |
| ) | **COUNTS I AND III** |
| TOMMY HANSON, ) | **OF THE INDICTMENT** |
| ) | **AND FOR BILL OF** |
| Defendant. ) | **PARTICULARS** |
| ) | |
| _____ ) | |

COMES NOW the United States of America, by and through the undersigned Assistant U.S. Attorney, and hereby opposes the defendant's Motion to Dismiss Counts I and III of the Indictment and for Bill of Particulars. Counts I and III of the First Superseding Indictment are sufficiently specific to inform the defendant of the elements of the charges against him and to allow him to assert

88A

double jeopardy, if appropriate. A bill of particulars is unnecessary because the defendant has been fully advised of the nature of the charges against him through the original Indictment, the First Superseding Indictment, and the extensive discovery provided the defendant. Accordingly, the defendant is entitled to neither a dismissal of Counts I and III of the First Superseding Indictment nor a bill of particulars.

I. **COUNTS I AND III OF THE FIRST SUPERSEDING INDICTMENT ARE SUFFICIENTLY SPECIFIC AND SHOULD NOT BE DISMISSED.**

The defendant contends that Counts I and III of the First Superseding Indictment are not sufficiently specific. The defendant is mistaken. As the defendant acknowledges, all that is necessary for an indictment to withstand a motion to dismiss is that the indictment inform the defendant of the statutory elements of the charges against which he is required to defend so that the defendant is able to prepare his defense, ensure that he is being prosecuted based on facts presented to the grand jury, and plead double jeopardy if appropriate. United States v. Rosi, 27 F.3d 409, 414 (9th Cir. 1994). Here, the indictment gives notice of the time when the government alleges the defendant possessed and received child pornography images and the specific locations (*i.e.*, computer hard

drives and other computer media) where the government alleges the child pornography images were found.

Importantly, the specificity of the information in the First Superseding Indictment must be considered in conjunction with the voluminous and extensive discovery the government has provided the defendant in this case. The discovery the United States has provided the defendant includes access to all of the evidence held by the government, including thecomputer systems, computer hard drives, and computer media seized from the defendant's residence in February and May 2005. The government has also provided the defendant his own copies of multiple CD-ROM and/or DVD discs and his own copies of multiple hard drives containing many thousands of images. Suffice to say, the government has made available to the defendant all of the images the defendant possessed in February and May 2005 and that the government seized pursuant to various search warrants. Moreover, today, December 6, 2005, the undersigned Assistant U.S. Attorney telephonically advised the defendant's counsel of the specific police evidence numbers associated with the specific hard drive and CD-ROM discs noted in Count I and the specific hard drive discussed in Count III.[1] This

---

[1] Specifically, the images at issue in Count I are found on the hard drive at No. E-05-02051-44 and the four CD-ROM discs at Nos. E-05-02051-132; E-05-02051-37; E-05-02051-102; and E-05-02051-127. The images at issue in Count III are found on the hard drive at FBI No. 1 (the only computer seized at the time of the defendant's arrest). Moreover, the images at

information provides the defendant of the precise location of the images forming the basis for the charges in each count.

The defendant also asserts variance of evidence at trial as a basis for dismissal of Counts I and III. The issue of "variance", however, is a trial issue concerning whether the evidence introduced at trial is at variance with the charged offense. See United States v. Morse, 785 F.2d 771, 774 (9th Cir. 1986). Jury instructions can appropriately address any concerns that the defendant has in this regard.

## II.   THE DEFENDANT IS NOT ENTITLED TO A BILL OF PARTICULARS WHEN THE GOVERNMENT PROVIDES EXTENSIVE DISCOVERY.

The defendant is also not entitled to a bill of particulars. The legitimate purposes of a bill of particulars are extremely limited. Under Rule 7(f) of the Federal Rules of Criminal Procedures, the only purposes of a bill of particulars are to give a defendant sufficient information about the charges against him in order to: (1) fairly apprise him of the nature of the charge so that he may prepare his defense and avoid prejudicial surprise at trial, and (2) enable him to plead his

---

issue in Count III were provided to the defendant on a specific Encase CD-ROM early on in the discovery process, prior the filing of the First Superseding Indictment.

4

conviction or acquittal as a bar to a second prosecution for the same offense.[2] See e.g., United States v. Ayers, 924 F.2d 1468 (9th Cir. 1991); United States v. Drebin, 557 F.2d 1316, 1325 (9th Cir. 1977); Cook v. United States, 354 F.2d 529, 531 (9th Cir. 1965); Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963).

As far as the United States is aware, the defendant has never previously been convicted of any offense related to the charges contained in the First Superseding Indictment. The only pertinent question, therefore, is "whether adequate notice of the charge has been given to the defendant." Wright, Federal Practice and Procedure, Criminal § 129, p. 289 (West 1969). Again, as with the dismissal issue, to fulfill this purpose, the indictment need only allege the essential elements of the offenses within the language of the statute. United States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir. 1981); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982); United States v. Lurz, 666 F.2d 69, 78 (4th Cir. 1981). Thus, "an indictment needs do little more than to track the language of the statute charged and state the time and place (in approximate

---

[2] The threat of double jeopardy has been substantially reduced by statute, e.g., 28 U.S.C. § 1731, and case law, e.g., Russell v. United States 369 U.S. 749, 764 (1962); United States v. Haldeman, 559 F.2d 31, 126 (D.C. Cir. 1976), by giving all defendants recourse to the entire trial record should they ever have to plead former jeopardy. See also Note, Indictment Sufficiency, 70 Colum.L.Rev. 876, 885 (1970).

terms) of the alleged crimes." United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975).

The Ninth Circuit has stated that if a defendant has failed to allege a defect in discovery or some surprise, a bill of particulars is properly denied. United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984) (no abuse of discretion in denying a motion for a bill of particulars when defendant failed to allege full discovery not afforded or unfair surprise); United States v. Burt, 765 F.2d 1364, 1366 (9th Cir. 1985) (bill of particulars properly denied where the defendant did not demonstrate surprise, prejudice or increased risk of double jeopardy). The test for determining whether to grant a bill of particulars is whether it is necessary, not whether it is helpful. United States v. Weinberg, 656 F. Supp. 1020, 1029 (E.D.N.Y. 1987). Moreover "[w]hen the demand goes 'to the government's proof rather than to a clarification of the indictment it cannot be granted on a motion for bill of particulars.'" United States v. Tallant, 407 F. Supp. 878, 890 (N.D. Ga. 1975) (citations omitted).

A defendant also may not use a motion for a bill of particulars to inquire into the means or manner by which a defendant committed a specific criminal act. See, e.g., United States v. Gray, 464 F.2d 632, 635 (8th Cir. 1972) (manner of offense); Ellis v. United States, 321 F.2d 931, 932 (9th Cir. 1963) (denied bill of

particulars requesting information regarding means used by defendant to aid and abet offense); Pines v. United States, 123 F.2d 825 (9th Cir. 1941) (disclosure of manner and means not required).

Where, as in this case, the indictment and discovery give the necessary details of the offenses alleged, the defendant is not individually entitled to a bill of particulars. United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984); United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Chenaur, 552 F.2d 294, 300-302 (9th Cir. 1977); Drebin, 577 F.2d at 1325; United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973). As discussed previously, the defendant has had open access to all of the discovery in this case and has received copies of the discovery. Moreover, as previously noted, today the undersigned Assistant U.S. Attorney specifically identified to the defendant's counsel the specific hard drives and CD-ROM's that contain the images at issue in Count I and Count III.

Ultimately, the First Superseding Indictment clearly informs the defendant of the charges, the approximate dates of the offenses, the location of the alleged crimes, and the locations of the images at issue. In other words, the indictment provides a road map to the defendant that sets forth the nature of the charges and the government's proof at trial. This is all that is necessary to apprize the

defendant of the conduct forming the basis for the charges in the indictment. United States v. Ely, 142 F.3d 1112, 1120 (9th Cir. 1997); see also United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995) (holding that "bare bones" information that tracks the statutory language is generally sufficient). In so doing, the First Superseding Indictment allows him to prepare his defense and avoid surprise at trial. The First Superseding Indictment need not allege the government's theory of the case or detail the evidence to be presented at trial. See United States v. Mustachio, 968 F.2d 782, 787 (9th Cir. 1991); see also United States v. Cochrane, 985 F.2d 1027, 1031 (9th Cir. 1993).

## CONCLUSION

Based on the foregoing, the United States respectfully requests that this Court deny the defendant's motion to dismiss Counts I and III of the First Superseding Indictment and deny the defendant's motion for a bill of particulars.

RESPECTFULLY SUBMITTED this 6th day of December, 2005, at Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

JAMES A. GOEKE
Assistant U.S. Attorney

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on December 6, 2005, via:

 (X) FPD Pickup box @ USAO

Michael Dieni
Assistant Federal Public Defender

Executed at Anchorage, Alaska, on December 6, 2005.

*/s/ Chrissy Sherman*
Legal Assistant
Office of the U.S. Attorney