**FILED**

DEC 0 9 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

### UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | K05-003 CR (JWS) |
| | ) | |
| vs. | ) | **ORDER FROM CHAMBERS** |
| | ) | |
| TOMMY S. HANSON, | ) | **[Re:   Docket 73]** |
| | ) | |
| Defendants. | ) | |
| | ) | |

### I. MOTION PRESENTED

At docket 73, defendant Tommy S. Hanson moves to dismiss Count I and III, or in the alternative for a bill of particulars regarding Counts I and III. The motion has been briefed. The referral of the motion to the magistrate judge was withdrawn, because the trial date is December 12, 2005. This order sets out the court's decision.

### II. DISCUSSION

Hanson is charged in a three count First Superseding Indictment.[1]   Count I reads as follows:

#### POSSESSION OF CHILD PORNOGRAPHY

Beginning at a time unknown, and up to on or about February 12, 2005, in Craig, within the District of Alaska, the defendant TOMMY HANSON, did knowingly possess material, including a home built computer with a computer hard drive and four computer discs (CD-ROMs), that contained

---

[1]Doc. 66.  Hanson's motion does not challenge Count II.

*90*

images of child pornography, that is digital images, computer images, and computer-generated images that are, and are indistinguishable from, those of a minor engaging in sexually explicit conduct, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means including computer.

All of which is in violation of Title 18 U.S.C. § 2252(a)(5)(B) and (b)(2).

Count III of that indictment charges Hanson in the following language:

### RECEIPT OF CHILD PORNOGRAPHY

Beginning at a time unknown, and up to on or about May 18, 2005, in the District of Alaska, the defendant TOMMY HANSON, did knowingly receive and attempt to receive images of child pornography, that is digital images, computer images, and computer-generated images that are, and are indistinguishable from, those of a minor engaging in sexually explicit conduct, and that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer.

All of which is a violation of Title 18 U.S.C. § 2252(a)(2)(A)and (b)(1).

The Ninth Circuit has explained what an indictment must contain in order to survive a defendant's challenge that it is insufficient: The indictment must set out the elements of the offense charged in enough detail (1) to allow a defendant to prepare a defense, (2) to show that the prosecution is based on facts presented to a grand jury, (3) to permit a defendant to plead double jeopardy, and (4) to show the court alleged facts sufficient to determine the adequacy of the charge.[2]  Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides in pertinent part that, "the indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."

Hanson describes the fundamental problem with Counts I and III as the failure to identify the particular images which constitute child pornography.  He contrasts Counts I and III with Count II, which names specific files on the hard drives, discs, and other computer media which are alleged to contain child pornography.[3]  Hanson complains

---

[2]*United States v. Rossi*, 27 F.3d 409, 414 (9th Cir. 1994).

[3]Count II identifies 19 files by name.  For example, the first listed file is "dep01693.jpg."

-2-

that as a result of the failure to include the file names, Counts I and III are so vague he cannot formulate a defense. He asserts that he cannot be assured that the charges are based on facts presented to the grand jury. He complains that Counts I and II overlap and there is no way to assure the protection against double jeopardy which is his right under the Sixth Amendment.[4] He further asserts that there is no way to protect against "a fatal variance between the facts presented at trial and the facts presented to the grand jury.[5] Finally, he complains that the failure to be more specific effectively forces him to dig through a haystack looking for needles on which a computer has etched images of child pornography.

In response the United States does not explain why it identified specific files containing child pornography in Count II, but did not do so in Counts I and III. However, the fact that a charge might have been more explicitly written does not establish that it is defective.[6] The United States asserts that because "the indictment gives notice of the time when the government alleges the defendant possessed and received child pornography images and the specific locations (i.e., computer hard drives and other computer media) where the government alleges the child pornography images were found,"[7] Counts I and III pass muster. The court agrees with the United States that the information in Counts I and III is sufficient to apprise defendant of the charges against him and to allow him to prepare an adequate defense–perhaps that the media containing the images were not his, or the images do not actually depict child

_____

[4]Doc. 73 at p. 2. It is not entirely clear that Hanson's argument is that the overlap is what prevents invocation of double jeopardy protection. To the extent his argument is a more general argument to the effects that Counts II and III in their own right are insufficient to allow intelligent assessment of double jeopardy considerations, the court disagrees; it is plain enough what is charged in each of the counts, and knowing what is charged allows for the invocation of double jeopardy.

[5]Doc. 73 at p. 3.

[6]WRIGHT, FEDERAL PRACTICE AND PROCEDURE: Criminal 3d § 125 at p. 581.

[7]Doc. 88A at p. 3.

pornography.  Similarly, the information given is adequate to test whether it is based on what was actually presented to the grand jury.

Reading the indictment as a whole, the court does not find the overlap between the charges in Counts I and II attributed by Hanson.  The images of child pornography in Count I are those found on media associated with a home-built computer.  Those in Count II are the ones specifically identified by file name and associated with a computer which is not described as a home-built computer.

The court does agree with Hanson that the burden of reviewing all of the information stored on the computer media involved in this case is sizable, but the large size of the task involved in preparing a defense does not mean that a defense cannot be prepared.  As one commentator has observed: "The pleading provisions of the criminal rules cannot be viewed in isolation, but must be considered part of a coordinated system for the administration of criminal justice.  Accordingly if the indictment is otherwise sufficient, the court can take into account that particular facts needed in particular cases are obtainable by a bill of particulars or discovery."[8]

In fact there has been very complete discovery provided to defendant in this case.  The United States has outlined the discovery which it has provided to Hanson in its response.[9]  Where the indictment and discovery include the details of the offenses charged, a bill of particulars is unnecessary.[10]

Hanson's assertion of a variance is at best premature.  The court cannot assess whether the evidence presented at trial is at variance with the offenses charged against Hanson until the trial has been conducted and the court has heard the evidence.[11]

---

[8]WRIGHT, FEDERAL PRACTICE AND PROCEDURE: Criminal 3d § 125 at pp. 581-2.

[9]Doc. 88A at p. 3.

[10]*E.g., United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).

[11]*United States v. Morse*, 785 F.2d 771, 774 (9th Cir. 1986).

-4-

### III.  CONCLUSION

The motion at docket 73 is **DENIED** for the reasons stated above.  Counts I and III will not be dismissed; Hanson is not entitled to a bill of particulars.

DATED at Anchorage, Alaska this 9th day of December 2006.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

✓ 12/9/05 t/c notice to cnsl

```
K05-0003--CR (JWS)        12-9-05
-------------------------------------------------
    ✓ M. DIEMI (FPD)
    ✓ J. GOEKE (US-ATTY)
```