MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*UNITED STATES OF AMERICA* v. *TOMMY HANSON*

THE HONORABLE JOHN W. SEDWICK          CASE NO. 5:05cr00003 (JWS)

PROCEEDINGS:   **ORDER FROM CHAMBERS**          Date:  April 14, 2006

---

      At docket 95, defendant Hanson moves to have his sentencing in Ketchikan. The reason given is that he has many friends from his community of Craig, Alaska, situated on Prince of Wales Island near Ketchikan who would like to be at the sentencing to support him, but for whom travel to Anchorage where the sentencing is presently scheduled would be too expensive.  The motion does not indicate that any of these people will present testimony at the sentencing.  Nothing precludes them from writing letters of support for Mr. Hanson, something that is routinely done in criminal cases in this district.  Furthermore, counsel for Mr. Hanson could arrange for a telephone connection for people in Craig to listen to the proceeding in Anchorage (the court recently conducted a sentencing attended telephonically by many residents of Grayling, Alaska, and even heard from some of the defendant's supporters who spoke for him at that sentencing.)

      To conduct the sentencing hearing in Ketchikan would require the expenditure of two full days of the court's time for travel to and from Ketchikan, which is almost 800 miles from Anchorage and accessible only by air.  Moreover, the court is presently scheduled to be in trial in Anchorage during the week which includes the date set for the sentencing in this case.  A sentencing in Anchorage requires only a short interruption of the trial.  A sentencing in Ketchikan would require the court to recess the trial for two days.

      Continuing the sentencing in hopes of finding a week when the court could more easily afford to spend two days is not realistic.  First, there are very few such weeks.  Second, even if such a week could be found, this matter has been continued for such a long period of time already that another continuance could not be justified for any save the most compelling reason.

      Finally, it must be noted that the expense associated with the transportation of necessary participants to Ketchikan is very sizable.  The judge is in Anchorage.  The prosecutor is in Anchorage.  Defense counsel is in Anchorage.  The court recorder is in Anchorage.  The probation officer is in Anchorage.  Of these necessary participants, only the probation officer could participate by telephone.

The motion at docket 95 is **DENIED**. Sentencing will proceed as scheduled in Anchorage.

———————