Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>TOMMY S. HANSON,<br><br>          Defendant. | Case No. 5:05-cr-0003-JWS<br><br>MOTION TO WITHDRAW PLEA |

Defendant, Tommy S. Hanson, by and through counsel Michael Dieni, Assistant Federal Defender, requests that he be allowed to withdraw his guilty plea entered on December 12, 2005.  Fed. R. Crim. P. 11.  He does so because he asserts that he misunderstood the facts and the law that would be the basis for his sentence and that he received the ineffective assistance of counsel.  (Sixth Amendment, United States Constitution.)

　　　　1.　　Facts

On December 12, 2005, the day of trial, the court dismissed Counts 1 and 3 because the statute upon which these counts was based violated established Supreme

Court precedent. The court then prepared to proceed with trial on Count 2. The government then orally moved to dismiss Count 2 without prejudice, asserting that the government would either re-indict for the subject matter of Counts 1 and 3 in a way that did not offend the Constitution or appeal the court's decision to dismiss Counts 1 and 3.

While the government's motion was pending, the parties struck a deal. Mr. Hanson agreed to plead guilty to Count 2 and the government agreed to not attempt to re-indict as to Counts 1 and 3, and the government also consented to a conditional plea as to Count 2.

Mr. Hanson now asserts that two sentencing misconceptions arose from the twelfth-hour plea agreement, resulting in an involuntary guilty plea.

First, Mr. Hanson asserts that at the time of the plea he believed that he would be sentenced only for the images that were identified as the basis for Count 2. In other words, he alleges that he did not understand that the pictures generally set forth in Counts 1 and 3, and any of the remaining pictures found in his possession, could be used as the basis for his sentence. The difference is significant. The indictment in Count 2 alleges only 19 pictures. The PSR alleges a total in the thousands, and concomitantly adds 5 levels to the guideline offense computation. PSR ¶ 34.

Second, Mr. Hanson arguably received ineffective assistance of counsel regarding the potential applicability of a four level increase of the proposed guideline offense calculation for possession of child pornography depicting sadism or masochism or violence. PSR ¶ 33; U.S.S.G. 2G2.2(b)(4). At the time of the plea, Mr. Hanson had been made aware of the possibility that the government would seek this enhancement. At the time, counsel for Mr. Hanson had researched the matter, looking at Ninth Circuit

case law. None existed. As a result, counsel's advice to Mr. Hanson was limited to a fair reading of the language of the enhancement. Counsel interpreted the language of the enhancement to mean that the image must depict overt violence perpetrated against the subject in addition to the sexual acts that made the image pornographic. Based upon counsel's knowledge of the photographs at issue, counsel advised Mr. Hanson that he had a very good chance of defending against this enhancement.

Unfortunately, unbeknownst to counsel, several other circuits (the Fifth, Seventh, Tenth, and Eleventh Circuits) had concluded that an act of intercourse by an adult with a pre-adolescent child that is "likely" to cause pain depicts "violence" sufficient for the four level increase.

If counsel had been aware of these out-of-circuit cases, counsel's advice to Mr. Hanson about the probable predicted guideline range would have been substantially different. At the time of plea, Mr. Hanson was told that the likely advisory guideline range would be approximately 51 to 63 months. The range now projected in the PSR is 87 to 108 months.

In summary, even if Mr. Hanson loses this motion, and his sentencing proceeds, he will not concede the applicability of the sado-masochistic four level enhancement. Nevertheless, the out-of-circuit cases are problematic, and possibly create a legal hurdle unknown to Mr. Hanson at the time of his plea.

2. *Law*

The most recent Ninth Circuit law regarding plea withdrawals is generally set forth in *United States vs. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). There, the court said:

The defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea, *see* Rule 11(d)(2)(B); however, the standard is applied liberally.  See *Garcia*, 401 F.3d at 1011; *Ortega-Ascanio*, 376 F.3d at 883; *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998); see also *United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988) (stating that a motion to withdraw a plea pre-sentence should be "freely allowed").  "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea."  *Ortega-Ascanio*, 376 F.3d at 883 (emphasis added).

It is clear from the *Davis* decision that a "gross mischaracterization" by counsel of a defendant's projected sentence can be a "fair and just" reason to allow plea withdrawal.  The point in *Davis,* however, is that the defendant need not present evidence that constitutionally invalidates a plea; rather, he must just show a fair and just reason.

Mr. Hanson's misconceptions of his likely sentence, including his apparent misunderstanding of the implications of the plea agreement and the lack of complete advice about the potential for a sentencing enhancement, form the basis for a finding that there is a fair and just reason for plea withdrawal.

DATED this 19th day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

<u>Certification:</u>

I certify that on May 19, 2006, a copy of the foregoing document, with attachments, was served electronically on:

James Goeke, Esq.

/s/ Michael D. Dieni