DEBORAH M. SMITH
Acting United States Attorney

JAMES A. GOEKE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7ᵗʰ Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 5: 05-cr-0003-JWS |
| | ) | |
| Plaintiff, | ) | **UNITED STATES'** |
| | ) | **OPPOSITION TO MOTION** |
| vs. | ) | **TO WITHDRAW PLEA** |
| | ) | |
| TOMMY HANSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through the

undersigned Assistant U.S. Attorney, and opposes defendant Hanson's motion to

withdraw his guilty plea. The defendant has not met his burden to show a "fair and

just reason" to withdraw his guilty plea under Fed. R. Crim P. 11(d)(2)(B).

Rather, the defendant is simply unhappy with the sentencing range of 87 to 108

months set forth in the Presentence Report under the applicable advisory United States Sentencing Guidelines (the "Guidelines").  The advisory sentencing range is well below the maximum sentence of 120 months for the offense.  The defendant's contention that he thought would face an advisory sentencing range of 51 to 63 months is simply not a fair and just reason to allow him to withdraw his guilty plea.

The defendant appears to argue that he received ineffective assistance of counsel from his attorney, Michael Dieni, because Mr. Dieni's predictions about the applicable advisory Guidelines calculation related to the defendant's offense may not be accurate, particularly with regard to the applicability of a particular enhancement under the Guidelines concerning the possession of child pornography involving sadism, masochism or violence.  See U.S.S.G. § 2G2.2(b)(4).  The defendant fails to acknowledge that the Court has not yet had an opportunity to make any determinations about the advisory Guideline range applicable to the defendant's conduct.  In any event, the defendant contends that he misunderstood the facts and the law upon which his sentence will be based and thereby received ineffective assistance of counsel.  His support for these allegations consists only of his counsel's personal summary opinions set forth in an "Affidavit of Counsel" that makes clear that all facts now impacting the applicable advisory sentencing

range under the Guidelines were known to the defendant and his counsel at the

time the defendant entered his guilty plea.

Fair and just reasons for plea withdrawal include inadequate Rule 11 plea

colloquies, newly discovered evidence, intervening circumstances, or any other

reason for withdrawing the plea that did not exist when the defendant entered his

plea. United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004). None of

those reasons exist in this case. The defendant does not and cannot assert that any

of the calculations under the advisory Guidelines were influenced by any facts not

known at the time the defendant entered his guilty plea. Rather, in this case the

defendant complains only that "he assumed that the government's dismissal of

Counts 1 and 3 would mean that the government would not use the contents of

those counts as a basis for his sentence" and that "prior to plea . . . [he] was told

that he would have a very good chance to defeat the four level enhancement [under

U.S.S.G. § 2G2.2(b)(4) ]. *He was not told that he would certainly defeat it, just*

*that there was a very good chance*." Affidavit of Counsel, ¶¶ 3-4 (emphasis

added). Neither the defendant's misapprehension about relevant conduct under the

advisory Guidelines, nor the defendant's reliance on his counsel's simple assertion

that there was a chance to defeat a potential sentencing enhancement is a fair or

just reason to allow him to withdraw his guilty plea. The defendant knew at the

time he entered his guilty plea to Count 2 that the government had evidence of

many thousands of images of child pornography found in the defendant's

possession and that the government would assert that all applicable sentencing

enhancements applied to his conduct, including the enhancement pursuant to

U.S.S.G. § 2G2.2(b)(4).

The Presentence Report in this case simply contains a calculation of the

advisory Guidelines that the Court may ultimately determine are applicable to the

defendant's conduct.  None of the facts set forth in the Presentence Report used to

calculate the advisory sentencing range under the Guidelines were unknown to the

defendant at the time he decided to enter his guilty plea.  Accordingly, there is no

fair or just reason to allow the defendant to withdraw his plea simply because he

would prefer a different advisory Guidelines calculation to appear in the

Presentence Report.

For all of these reasons, the court should deny the defendant's motion to

withdraw his guilty plea.

RESPECTFULLY SUBMITTED this <u>26th</u> day of May, 2006, at Anchorage,

Alaska.

DEBORAH M. SMITH
Acting United States Attorney

 s/ James A. Goeke
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: james.goeke@usdoj.gov

**Certificate of Service**
I declare under penalty of perjury that
a true and correct copy of the foregoing
 was sent electronically on
 May 26th, 2006 to Michael Dieni.

s/ James A. Goeke