NELSON P. COHEN
United States Attorney

JAMES A. GOEKE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 5:05-cr-0003-JWS |
| | ) | |
| Plaintiff, | ) | **UNITED STATES'** |
| | ) | **OPPOSITION TO MOTION** |
| vs. | ) | **TO WITHDRAW PLEA** |
| | ) | |
| TOMMY HANSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through the undersigned Assistant U.S. Attorney, and opposes defendant Hanson's motion to withdraw his guilty plea. The defendant has failed to meet his burden to show a "fair and just reason" under Fed. R. Crim P.11(d)(2)(B) to withdraw his guilty plea to possession of child pornography. Rather, the defendant simply appears to be

unhappy that he faces a sentencing range of 87 to 108 months under the applicable advisory United States Sentencing Guidelines (the "Guidelines"), rather than some lower sentencing range presumably more to his liking. The defendant's various contentions that he believed—or more accurately that he hoped—he would face a lower sentencing range under the advisory Guidelines do not constitute a fair and just reason to allow him to withdraw his guilty plea and the defendant's motion to withdraw his plea should be denied.

## APPLICABLE LAW

The defendant "bears the burden of demonstrating a fair and just reason for withdrawal of a plea" pursuant to Rule 11(d)(2)(B). United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005). Fair and just reasons for plea withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. Id.; United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004). Importantly, a defendant's fear of a harsh sentence is not a sufficient basis to withdraw a guilty plea. "[W]e [do not] believe that fear of receiving a harsh sentence, standing alone, constitutes a fair and just reason to withdraw a plea, even if counsel's initial advice as to length . . . turned out to be inaccurate." Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989)

(addressing prior Rule 32(d), now Rule 11(d)(2)(B) by 2002 amendment to the Federal Criminal Rules). Ineffective assistance of counsel, however, may be a sufficient basis to allow a defendant to withdraw his guilty plea. See Davis, 428 F.3d at 805-806. As set forth in Strickland v. Washington, 466 U.S. 688, 694 (1984), a defendant claiming ineffective assistance of counsel must demonstrate that his attorney's representation "fell below an objective standard of reasonableness" and the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

## ARGUMENT

In this case, the defendant claims only that he should be able to withdraw his guilty plea to possession of child pornography because alleged ineffective assistance of counsel by the defendant's prior counsel, Michael Dieni, led the defendant to believe that he would face a sentencing range lower than 87 to 108 months. Notably, the defendant does not claim that his Rule 11 plea colloquy was insufficient, does not claim the existence of any new evidence, and does not claim any intervening circumstances. Rather, the defendant claims only that he received ineffective assistance of counsel based on Mr. Dieni's alleged failure to provide the defendant with accurate legal advice concerning:

> (1) the applicability of a four-level enhancement for possession of child pornography images involving sadism, masochism or violence per U.S.S.G. § 2G2.2(b)(4);
>
> (2) the effect of relevant conduct, specifically the defendant's possession of 600 or more child pornography images, per U.S.S.G. § 2G2.2(b)(7); and,
>
> (3) the defendant's failure to qualify for a third point for acceptance of responsibility, per U.S.S.G. § 3E1.1(b).

See Memorandum in Support of Motion to Withdraw Plea, pp. 6-7. The defendant's various contentions are without merit and are unsupported by both the defendant's own Affidavit of Tommy Hanson and the previously filed Affidavit of Counsel [Michael Dieni].[1]  Both Affidavits, taken together, make clear that Mr. Dieni advised the defendant of the potential enhancements to his sentence prior to the defendant's entry of his guilty plea to possession of child pornography and that the defendant then chose to plead guilty armed with that information. The defendant's fear that he may now receive a higher sentence than he had hoped to receive does not constitute a fair and just reason to withdraw his guilty plea.

---

[1] The defendant also continues to ignore the fact that the Court has not yet made any determinations about the advisory Guideline range applicable to the defendant's conduct.

Mr. Dieni's Affidavit makes clear that the defendant did not receive ineffective assistance of counsel. The Affidavit plainly establishes that Mr. Dieni and the defendant discussed—prior to his guilty plea—the possibility that an enhancement for possession of child pornography involving sadism, masochism or violence under U.S.S.G. § 2G2.2(b)(4) was a distinct possibility. See Affidavit of Counsel, ¶ 4 (making clear that the defendant and Mr. Dieni discussed the possibility that the sadism/masochism/violence enhancement could apply to the defendant's case). Mr. Dieni then told the defendant that he had a "very good chance to defeat the four level enhancement." Id. Mr. Dieni made clear, however, that "[h]e was not told that he would certainly defeat it, just that there was a good chance." Id. Accordingly, the defendant's counsel knew that the enhancement existed, knew that it might apply, and discussed the possibility of its application with the defendant prior to the entry of plea. Mr. Dieni was simply off the mark about the likelihood that the enhancement would apply. Notably, Mr. Dieni filed all appropriate objections to the application of the enhancement in the PSR, but those objections were simply not adopted in the PSR. The fact that Mr. Dieni's estimate that the defendant had a good chance to defeat a particular enhancement did not bear out does not rise to ineffective assistance of counsel under Strickland.

Mr. Dieni's Affidavit is silent on the specific issue of whether he discussed the concept of relevant conduct with the defendant, except to say that "Mr. Hanson's recollection is that he assumed that the government's dismissal" of the other counts would mean images implicated by those counts would not be involved in the calculation of the defendant's sentence. Id., ¶3. Importantly, Mr. Dieni does not say that he failed to discuss the concept of relevant conduct under the advisory sentencing Guidelines with the defendant. Instead, Mr. Dieni confines himself to the defendant's recollections as they existed at the time the Affidavit was drafted some months later. Mr. Dieni, however, apparently had the issue of relevant conduct in mind when he advised the defendant that "the most likely advisory guideline range would be approximately 51 to 63 months." Id., ¶ 5. The range of 51 to 63 months is the exact sentencing range the defendant would have faced under the Guidelines if the four-level enhancement for possession of child pornography involving sadism, masochism or violence did not apply and if the defendant received a third point reduction for acceptance of responsibility. The Guidelines range the defendant would have faced if the five-level enhancement for relevant conduct—i.e., 600 or more images—was also not incorporated into the advisory Guideline range would have been significantly lower than 51 to 63 months. Accordingly, it appears that Mr. Dieni advised the defendant about his likely sentencing exposure with the concept of relevant

conduct included in his calculations, otherwise Mr. Dieni's estimate would have been much lower. Such advice does not appear to rise to a the level of ineffective assistance of counsel under <u>Strickland</u>.

Mr. Dieni's Affidavit is also silent on the issue of whether he and the defendant discussed the likelihood of whether the defendant would receive a third point for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). As discussed above, it appears based on Mr. Dieni's statement that he advised the defendant that he would "the most likely advisory guideline range would be approximately 51 to 63 months", that Mr. Dieni simply assumed that the defendant would receive a third point for acceptance of responsibility. <u>Id</u>., ¶ 5. This apparent assumption is difficult to comprehend, given that the defendant pled guilty on the day trial was scheduled to begin. Nonetheless, the issue of the third point for acceptance of responsibility resulted in a relatively minor misstatement of the defendant's potential Guideline range exposure and does not constitute ineffective assistance of counsel under the <u>Strickland</u> standard.

The defendant's Affidavit similarly fails to establish that the defendant received ineffective assistance of counsel from Mr. Dieni. On the issue of the applicability of the four-level enhancement for possession of child pornography images involving sadism, masochism or violence under the Guidelines, the defendant implicitly admits that he and Mr. Dieni discussed the enhancement, but

Mr. Dieni simply advised in essence that the defendant might defeat the enhancement. Affidavit of Tommy Hanson, ¶ 2. On the issue of relevant conduct, the defendant claims that he simply told Mr. Dieni that he believed that his punishment should not reflect relevant conduct. Id., ¶ 3. Admittedly, the defendant does state that Mr. Dieni did not contradict the defendant with regard to that belief. Id. Nonetheless, as set forth previously, Mr. Dieni clearly advised the defendant about his sentence exposure consistent with a calculation that relevant conduct would apply with regard to the defendant's possession of 600 or more child pornography images, otherwise he would have told the defendant he faced a lower sentencing range than 51 to 63 months. Moreover, the defendant knew at the time he entered his guilty plea that the government had evidence of many thousands of images of child pornography found in the defendant's possession. As to the issue of a third point for acceptance of responsibility, the defendant simply states that Mr. Dieni should have worked to obtain such consideration for the defendant. Id., ¶ 5. Any plain reading of U.S.S.G. § 3E1.1(b) defeats such a notion.

    For all of these reasons, the Court should deny the defendant's motion to withdraw his guilty plea without hearing. In the event the Court deems a hearing necessary, the government will require sufficient notice to subpoena Mr. Dieni for testimony.

## EFFECT OF PLEA WITHDRAWAL

The defendant was previously charged with two additional counts, one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). These counts were dismissed by the Court on constitutional grounds. As the Court is aware, at the time the defendant agreed to enter his guilty plea, the government agreed to not appeal the Court's dismissal of those additional counts as part of the resolution of this matter. Accordingly, the government has advised the defendant's current counsel Hugh Fleischer that if the defendant withdraws his guilty plea, the government would likely present the facts of the defendant's conduct (as generally set forth in the government's previously filed Trial Brief) to the grand jury and the government would likely seek additional counts against the defendant to include the conduct embodied by the previously dismissed counts. The additional counts would likely involve additional separate counts of possession of child pornography pursuant to 18 U.S.C. § 2252(a)(4) and additional separate counts of receipt of child pornography pursuant to 18 U.S.C. § 2252(a)(2). The effect of these new counts would be to alleviate the Court's constitutional concerns. These additional counts, however, would also necessarily expose the defendant to additional criminal penalties, including potential mandatory minimums. The government advises the Court and

the defendant of this possibility to ensure that the defendant is fully aware that if he withdraws his guilty and elects to proceed to trial, the government will no longer be bound by its prior agreement to not pursue additional charges against the defendant and would in fact pursue such additional charges.

RESPECTFULLY SUBMITTED this 21st day of December, 2006, at Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/James A. Goeke
        JAMES A. GOEKE
        Assistant U.S. Attorney