IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                    )<br>       Plaintiff,    )<br>                                    )<br>  vs.                       )<br>                                    )<br>TOMMY HANSON            )<br>                                    )<br>       Defendant.    ) CASE NO:5:05-cr-03-(JWS)<br>_____) | |

**MEMORANDUM IN OPPOSITION TO THE U.S.**
**OPPOSITION  TO MOTION TO WITHDRAW PLEA**

   Hugh W. Fleischer, as attorney for defendant, Tommy Hanson, in the above captioned action, hereby files his opposition to the U.S. opposition to Mr. Hanson's Motion to Withdraw the Plea of guilty and withdraw from the terms and conditions of the oral Plea Agreement made on December 12, 2005.

   As stated in his original memorandum, on December 12, 2005, when trial was scheduled, Hanson, through his attorney, Michael Dieni, AFPD, negotiated a plea agreement with the government that dealt with the entire case.  Such plea was entered into after a brief recess, which included negotiations between the parties, after the Court had dismissed Counts 1 and 3.

Mr. Hanson's grounds for withdrawing his pleas of guilty are again set out in his affidavit, which was attached to his motion to withdraw. The grounds are:

(1) he did not receive effective assistance of counsel prior to changing his plea;

(2) the failure to provide him with reasonable advice regarding the guideline enhancement of possession of child pornography that "portrays sadism or masochism or other depictions of violence, increase by 4 levels." U.S.S.G. § 2G2.2 (b)(4)

(3) Mr. Dieni did not fully explain the ramifications of relevant conduct to Mr. Hanson, which, in part, led to the Probation Office Presentence Report to include, under § 34, a Specific Offense Characteristic that added five levels for 600 or more images under U.S.S. G. § 2G2.2 (b)(7)(D), obviously looking well beyond the bounds of Count 2, which would have provided only a two level increase for at least 10 images but fewer than 150.

(5) Mr. Hanson did accept responsibility. Mr. Dieni should have worked to obtain the extra point of reduction.

As stated in his motion, it was filed pursuant to Rule 11(d)(2)(d) of the Federal Rules of Criminal Procedure.

Such Rule states in pertinent part:

> **(d) Plea Withdrawal.** If a motion to withdraw a plea of guilty or nolo contender is made before sentence is imposed, the court may permit the plea to be withdrawn if "the defendant can show a fair and just reason for requesting the withdrawal."

The Court may allow a defendant to withdraw his guilty plea prior to sentencing "if the defendant shows any fair and just reason." *United States v. Hyde*, 520 U.S. 670, 671, 117 S. Ct. 1630, 137 L.Ed.2d 935 (1997) (Guilty pleas can be accepted while pleas agreements are deferred, and the acceptance of the two can be separated in time). "A defendant has no right to withdraw his guilty plea, rather, the decision to allow withdrawal is within the sound discretion of the district court." *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995). In *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005, the most recent Ninth Circuit case regarding plea withdrawals, the Court said:

> The defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea, see Rule 11(d)(2)(B): however, the standard is applied liberally. See *United States v. Garcia*, 376 F.3d 879, 883 (9th Cir. 2004;

> *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998 see also *United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988)(stating that a motion to withdraw a plea pre-sentence should be "**freely allowed**")[emphasis added]. 'Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.*' *U.S. v. Ortega-Ascanio*, 376 F.3d @ 883 [emphasis added].

Mr. Hanson re-asserts that Mr. Dieni failed to meet his responsibility under the Sixth Amendment to the U.S. Constitution, in that (1) he did not receive effective assistance of counsel prior to changing his plea; (2) The trial counsel's failure to provide him with reasonable advice regarding the guideline enhancement of possession of child pornography that "portrays sadism or masochism or other depictions of violence, increase by 4 levels." U.S.S.G. § 2G2.2(b)(4); (3) Mr. Dieni did not fully explain the ramifications of relevant conduct, to Mr. Hanson, which, in part, led to the Probation Office Presentence Report to include, under § 34, a Specific Offense Characteristic that added five levels for 600 or more images under U.S.S. G. § 2G2.2(b)(7)(D). (4) Mr. Dieni failed to obtain the extra point under the Acceptance of Responsibility guideline.

The government has attempted to minimize the previous counsel's ineffective assistance. Mr. Hanson and Mr. Dieni, in their respective affidavits swear that Mr. Dieni advised Mr. Hanson had a "very good chance to defeat the four level enhancement." Moreover, Hanson swears, without contradiction from Mr. Dieni that the subject of relevant conduct did not occur, in the minutes that were available before the change of plea.

It is asserted that Mr. Hanson has met the tests under **Strickland v. Washington.** As this Court knows, the Supreme Court formulated a two prong test. A defendant claiming ineffective assistance of counsel must demonstrate (1) that his attorney's representation "fell below an objective standard of reasonableness," (the "performance prong") and (2) the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (the "prejudice prong") **Strickland**, 466 U.S. @ 688. 694, 104 S. Ct. 2052.

**Strickland's** two-prong test applies to this case and therefore should be the basis for his

motion to withdraw his plea be granted by this Court.

In conclusion, Hanson submits that he has fair and just reasons to withdraw his pleas.  His motion to withdraw his plea should be granted, and his case ordered submitted for trial.

DATED at Anchorage, Alaska, this 2nd day of February, 2007.

                LAW OFFICES OF HUGH W. FLEISCHER

                By: S/ Hugh W. Fleischer
                Hugh W. Fleischer
                Attorney for Defendant
                310 K. St., Suite 200
                Anchorage, AK 99501
                907-264-6635
                907-264-6602-Fax
                hfleisch@aol.com

9525\513

CERTIFICATE OF SERVICE

I certify that on the 2nd day of February, 2007, a true copy of the foregoing was electronically to the following counsel :

**James A. Goeke**
Assistant U.S. Attorney
222 W. 7th Ave., # 9, Rm. 253
Anchorage, AK 99513-7567

S/ Hugh W. Fleischer