IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>      Plaintiff,   )<br>)<br>vs.                )<br>)<br>TOMMY HANSON         )<br>)<br>)<br>      Defendant.    )  CASE NO:05-0003-CR (JWS)<br>)<br>_____) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Hugh W. Fleischer, as attorney for defendant, Tommy Hanson, hereby files his Sentencing Memorandum.

It is first noted that Mr. Hanson hereby incorporates the initial Sentencing Memorandum and its attachments filed, on his behalf, on or about May 4, 2006, and identified as Docket 99.

This Memorandum will focus on the four level enhancement proposed in the Presentence Investigation Report at ¶ 33. The one Ninth Circuit case found is *U.S. v. Rearden*, 349 F.3d 608 (9th Cir. 2003) is instructive for this Court's consideration of an appropriate sentence for Mr. Hanson. As the record reflects, Mr. Hanson dealt only with the computer. In *Rearden*, the defendant

was in e-mail communication with another offender, Settlemyer, in which it was discussed that Rearden, who lived in Los Angeles would go to Louisiana, the home of Settlemyer, "so the two could kidnap and rape the other offender's nieces and kill their Mother, who was Settlemyer's Sister." @ 611-612. Moreover, Rearden specifically invited Settlemyer to Los Angeles, where the two could "Hunt" [live] children together.  In addition, Rearden e-mailed child pornography cites to Settlemyer, that were determined to violate the sadistic or masochistic conduct or other depictions of violence, now 2G2.2 (b)(4) but then (b)(3).  Rearden was arrested at the Palm Springs, California Greyhound Bus station, where he had gone to pick up Settlemyer, presumably for the abovementioned infamous and outrageous plan to hunt young children.  Notwithstanding the above described conduct of Mr. Rearden, who went to trial, received an incarceration sentence of 51 months, which sentence was approved by the Ninth Circuit Court of Appeals.  It is believed by Mr. Hanson that if Mr. Rearden's above described conduct deserved 51 months then his relative conduct, which wholly took place in his own home and never threatened any live person, should be no more than half of Rearden's

sentence. i.e. 25.5 months or two years and one month and one-half.

Mr. Hanson deserves consideration under 18 USC § 3553 (a) (D), which consideration is defined as "to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner."  As was discussed his prior Sentencing Memorandum, "the court can consider Mr. Hanson's apparent harmlessness, and his documented positive contributions to the community, and his need for counseling for depression…"  Because the applicable statute, under which Mr. Hanson was convicted, 18 USC § 2252, does not bar probation and thus, the proposed sentence set out above is an appropriate one and one not greater than necessary.

In summation, Mr. Hanson proposes a sentence of 25.5 months incarceration, with credit for time served, two years of supervised release, a fine of one thousand dollars, under both USSG § 5E1.2 (c)(3) and 18 USC § 3663A, based upon his financial status and the $100 Special Assessment.

DATED at Anchorage, Alaska, this 24th day of May, 2007.

LAW OFFICES OF HUGH W. FLEISCHER

By: S/ Hugh W. Fleischer

Law Offices of   Hugh W. Fleischer

AK Bar # 7106012
310 K. St., Ste. 200
Anchorage, AK 99501
(907) 264-6635
 (907) 264-6602
 hfleisch@aol.com

9525/517

CERTIFICATE OF SERVICE

I certify that on the 24th day of May, 2007, a true copy of the foregoing was electronically to the following counsel and U.S.Probation Officer to:

**James A. Goeke**
Assistant U.S. Attorney
222 W. 7th Ave., # 9, Rm. 253
Anchorage, AK 99513-7567

Timothy M. Astle
U.S. Probation Officer
222 W. 7th Ave. Box 48, Room 168
Anchorage, AK 99513-7562

S/ Hugh W. Fleischer

Case 5:05-cr-00003-JWS    Document 145    Filed 05/24/2007    Page 5 of 6